ROBINSON BROG LEINWAND GREENE
 GENOVESE & GLUCK P.C.
875 Third Avenue, 9th Floor
New York, New York 10022-0123
Telephone No.: 212-603-6300
**A Mitchell Greene**
*Attorneys for the Debtors and Debtors in Possession*

HEARING DATE AND TIME
July 20, 2011 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re:

**WEST END FINANCIAL ADVISORS LLC**
*et al.*,

                Debtors.
----------------------------------------------------------X

Chapter 11

Case No.: 11-11152
through 11-11167 (SMB)
 (Jointly Administered)

In re:

**West End Cash Liquidity Fund I L.P.**

                Debtor.
----------------------------------------------------------X
----------------------------------------------------------X

In re:

**WEST END DIVIDEND STRATEGY FUND I, LP**

                Debtor.
----------------------------------------------------------X

Chapter 11
Case No. 11-12774 (SMB)

Chapter 11
Case No. 11-13247 (SMB)

### SUPPLEMENTAL APPLICATION AND APPLICATION[1] FOR AN ORDER PURSUANT TO 11 U.S.C. SECTION 105(a) DIRECTING THE SUBSTANTIVE CONSOLIDATION OF EACH OF THE DEBTORS' RELATED CHAPTER 11 ESTATES

---

[1] This application is an initial application with respect to the West End Cash Liquidity Fund I L.P. and West End Dividend Strategy Fund 1, LP The facts and arguments in favor of substantive consolidation as set forth in the

{00537492.DOC;1 }

1

West End Financial Advisors LLC ("WEFA") and its affiliated debtors and debtors in possession (collectively, the "Debtors")[2] and West End Cash Liquidity Fund I L.P. and West End Dividend Strategy Fund 1, LP hereby file their supplemental application and application for an order, pursuant to 11 U.S.C. Section 105(a), seeking the substantive consolidation of the Debtors' chapter 11 estates and in support thereof, respectfully set forth and represent as follows:

1. On May 4, 2011, the Debtors filed their *Application for an Order pursuant to 11 U.S.C. §105(a) Directing the Substantive Consolidation of each of the Debtors' chapter 11 estates (the Application")* and the *Declaration of Raymond J. Heslin in Support of the Debtors' Motion Pursuant to 11 U.S.C. § 105 directing the Substantive Consolidation of the Debtors' Related Chapter 11 Estates* (the "Heslin Decl."). The hearing on this application has been adjourned to July 20, 2011.

2. Shortly before the filing of the substantive consolidation motion, the Official Committee of Unsecured Creditors (the "Committee") was appointed by the Office of the United States Trustee (the "UST"). The Committee, as well as other parties in interest, including Northlight Financial ("Northlight"), the Debtors' secured creditor, have informally requested

---

Debtors' Application and the Heslin Declaration (as defined herein) and, as supplemented by this pleading, apply with equal force to West End Cash Liquidity Fund I L.P. and are incorporated by this reference.

[2] The estates to be substantively consolidated are the following: West End Financial Advisors LLC (Case No. 11-11152); Amagansett Realty SPV 1 LLC (Case No. 11-11167); Benedek Development Group, LLC (Case No. 11-11155); L/C Family Limited Partnership (Case No. 11-11157); Sentinel Investment Management Corp.(Case No. 11-11153); SIMCO SPV 1 LP (Case No. 11-11158); West End Absolute Return Fund I, LP (Case No. 11-11161); West End Capital Management LLC (Case No. 11-11154); West End Fixed Income Partners LP (Case No. 11-11159); West End Income Strategies Fund LP (Case No. 11-11160); West End Mortgage Finance Fund I LP (Case No. 11-11162); West End Private Client Fund L.P.(Case No. 11-11163); West End Real Estate Fund 1 LP (Case No. 11-11164); West End Special Opportunity Fund II, LP (Case No. 11-11166); West End Special Opportunity Fund, LP (Case No. 11-11165); West End/Mercury Short-Term Mortgage Fund, LP. (Case No. 11-11156).

clarification of the nature and extent of the remedy sought by the Debtors in the consolidation Application. Further, since the filing of the motion on May 4, 2011, the Debtors have also had the benefit of an expert report prepared by the Committee's financial advisor, FTI Consulting (the "FTI Report")[3], that has resulted in certain refinements to the relief sought in the motion originally filed on May 4, 2011.[4] In addition, West End Cash Liquidity Fund I L.P., and West End Dividend Strategies Fund I L.P. filed petitions subsequent to the filing of the motion on May 4th, and now seek the entry of an order substantively consolidating their estates with the estates of the Debtors.

3. The equitable remedy of substantive consolidation is a flexible concept where one of the questions to be addressed is whether the creditors are adversely affected by consolidation and, if so, whether the adverse effects can be eliminated. *In re Jennifer Convertibles, Inc.*, Case No. 10-13779(ALG) (S.D.N.Y. February 4, 2011) at 15.

> (a) The Debtors, therefore, are filing this supplemental pleading to clarify the scope of the relief sought and to eliminate certain potentially adverse effects which could result from a total substantive consolidation of the Debtors' estates. Therefore, the Debtors are supplementing their motion as follows: The Debtors are seeking *partial* substantive consolidation of their estates at the level below any secured indebtedness against the estates. Accordingly, the proposed substantive consolidation order annexed as Exhibit A hereto expressly provides that nothing in such order would impair, enhance, reduce, expand, elevate, subordinate or otherwise affect, in any way, (i) the validity, extent, perfection, priority, scope or other attribute of any lien or security interest asserted by any party against property in which one or more of the debtors' estates has an interest, (ii) the property against which any party claims a lien or security interest, (iii) the allowability of any claim asserted by such party against the consolidated estates that such party contends is secured

---

[3] The FTI Report, and its exhibits, have been included in the Debtors list of witnesses and exhibits for the July 20, 2011 hearing, will be filed on or before July 13, 2011.

[4] Further, on June 9, 2011, the Debtors filed an additional related entity, West End Cash Liquidity Fund I L.P. ("WECLF"), which has been assigned case no. 11-12774 and has been related to the other West End chapter 11 cases as an affiliate of the Debtors. This motion is filed to, among other things, requests that this recently filed entity be included within the ambit of the Debtors' substantive consolidation motion.

by such lien or security interest or (iv) the entitlement of such party to, or the allowability of, an unsecured deficiency claim against the consolidated Debtors' estates in the event that the Court were to determine pursuant to section 506(a) of the Bankruptcy Code that such party's claim in these cases is not fully secured;

(b) The consolidation application includes the recently filed West End Cash Liquidity Fund I L.P. chapter 11 case and the recently filed West End Dividend Strategies Fund I L.P. Chapter 11 case; and

(c) Nothing in the Debtors' substantive consolidation motion would eliminate or impair any fraudulent conveyance or preference claims held by one Debtor to avoid transfers made to third parties for the benefit of another Debtor.

The Debtors believe that by clarifying its motion in the foregoing respects, any concern that the Debtors' avoiding claims would be compromised can be eliminated and all debtor entities, whose assets have been comingled with the Debtors, can be consolidated with the Debtors estates. This supplementation of the relief sought will result in the elimination of intercompany claims that could adversely impact the distributions to creditors and investor creditors, whose claims should be treated the same as the investors of the debtor entities, can be treated appropriately.[5] Thus, this supplement is intended to insure that the maximum benefits which can be achieved by the Debtors' estates from substantive consolidation are achieved and that any adverse effects can be minimized if not eliminated. A revised proposed substantive consolidation order is attached hereto as Exhibit "A".

4. In terms of limiting any adverse effect caused by consolidation, the partial substantive consolidation proposed in this supplement insures that the substantive consolidation order will not elevate the priority of any of the Debtors' secured creditors or expand the scope of a secured creditor's security interest and make available to secured creditors collateral that would

---

[5] Similar to the facts discussed in the *Giller* case, discussed *infra*, in the event some of the Debtors' estates turn out to be insolvent, substantive consolidation will insure that there will be funding available so that such claims can be prosecuted for the benefit of all creditors of the consolidated estates.

not otherwise be available to creditors absent substantive consolidation. While the Debtors have never intended that the remedy they were seeking would expand the rights of secured creditors, the Debtors recognize that the Application, as filed, needed to be clarified on this point.

5. Less than total substantive consolidation is not a novel concept. In shaping appropriate equitable remedies, the Bankruptcy Court is not limited to an "all or nothing" approach. For example, in *James Talcott, Inc. v. Wharton (In re Continental Vending Machine Corp.)*, 517 F.2d 997, 1001 (2d Cir. 1975) *cert. denied*, 424 U.S. 913 (1976) ("Talcott"), the Second Circuit approved an amended plan of reorganization that substantively consolidated the Debtors' estates but provided that secured creditors' claims would not be improved as a result. *517 F.2d at 1001*. In *Talcott* the Court stated that:

> We are in short asked to determine whether it is "fair and equitable" ... to disregard corporate lines and to consolidate or pool assets and liabilities for purposes of dealing with secured claims. We agree with the [District Court] that the amended plan is "fair and equitable" since the absolute priority of Talcott to specific assets pledges to it in connection with the loans made to both the parent and subsidiary corporations have been preserved and that the Act <u>does not require consolidation to be complete for all purposes.</u>"

*Talcott*, 517 F.2d at 999 (emphasis added).[6] Accordingly, the Second Circuit found it appropriate to consolidate assets and liabilities for purposes of dealing with unsecured claims but not with respect to secured claims, because the secured creditor would "obtain under the amended plan exactly what it bargained for." *Id. at 1001*.

6. In *First National Bank v. Giller*, 962. F.2d 796 (8th Cir. 1992)("Giller"), the Bankruptcy Court ordered partial substantive consolidation to protect the estates from the loss of avoiding claims. In *Giller*, the chapter 11 trustee filed a motion to substantively consolidate the

---

[6] Although *Talcott* was decided under the Bankruptcy Act, Act cases remain relevant as the equitable power to order substantive consolidation of debtor's assets and liabilities "undoubtedly survived enactment of the Bankruptcy Code." *See, In re Bonham*, 229 F.3d 750, 765 (9th Cir. 2000); *In re Owens Corning*, 419 F.3d 195, 209 n. 14 (3d Cir. 2005).

{00537492.DOC;1}

5

six debtor corporations on the basis that the debtors' principal had abused the corporate form and made numerous transfers that might give rise to fraudulent conveyances or preferences. Id. at 797. However, since only one of the debtor entities was solvent, the debtors holding the potential avoidance claims did not have the funds necessary to pursue the avoidance actions. Id.

7. The Bankruptcy Court determined that the "only hope" of obtaining monies to pay the unsecured creditors was to substantively consolidate the debtors' estates and use the consolidated entity's assets to finance the lawsuits. Id. Although the Bankruptcy Court noted that there was potential harm to the creditors of the solvent estate, the court left open the possibility that the harm would be ameliorated by the possibility that the creditors of the solvent estate would be separately classified and receive more generous treatment than other unsecured creditors. Id. To avoid a further possible harm to the debtors' estates, the bankruptcy court noted that, although the consolidation would eliminate all causes of action by one debtor against any other debtor, the trustee's avoidance powers as to any transfers made by the debtors to third parties would be fully preserved. The Bankruptcy Court ordered substantive consolidation in accordance with its findings.

8. First National Bank, one of the debtors' creditors, appealed from the order granting substantive consolidation on several grounds including that the Bankruptcy Court's findings were not adequately supported by the record and on the ground that the partial substantive consolidation that preserved the power of the trustee to avoid transfers by a debtor to a third party for the benefit of another debtor was in error. Id. at 798. The District Court affirmed the Bankruptcy Court's findings and an appeal to the Eighth Circuit followed.

9. The Circuit Court noted that the Bankruptcy Court's decision was adequately supported by the record, which included findings that the numerous intercompany transfers

created potential fraudulent conveyances, that one of the debtors regularly financed the other debtors but no regular repayment schedule had been established, that all of the debtors had their offices in a building owned by one of the debtors but none paid rent, and that employees hired by two of the debtors performed uncompensated services for all of the other debtors. Id.

10. The Circuit Court also found that there was evidence in the record regarding the necessity of consolidation since the failure to consolidate would prejudice the creditors of the insolvent debtors because the insolvent debtors could not afford to bring legal actions to recover transferred assets. Id at 799. Accordingly the benefits of consolidation outweighed the harm because the lawsuits may generate sufficient funds to pay creditors of the insolvent debtors while preserving the recovery by the creditors of the solvent debtor. Id.

11. Finally, First National argued that the trustee should not retain the power to avoid transfers by one debtor to a third party for the benefit of another debtor. The bank argued that after consolidation, the benefits normally received by the non-paying debtor is offset by the elimination of the intercompany indebtedness. However, the Circuit Court noted that "the Bankruptcy Court retains the power to order less than complete consolidation." *Id. at 799.* If the Bankruptcy Court had not preserved those avoidance powers after consolidation, then the very reason *for* the consolidation, to obtain funds to recover the transferred assets, would be thwarted. Id. Thus, by ordering partial substantive consolidation, the Court maximized the benefits to creditors from its arsenal of equitable powers.

12. In the case of West End, the Debtors never intended to implement a substantive consolidation that would enhance the collateral base of its secured creditors. An equitable remedy that unfairly elevates the claims of secured creditors or inadvertently expands the scope of the secured creditor's security interests would be inappropriate. The partial substantive

{00537492.DOC;1 }

7

consolidation proposed by the Debtors (with appropriate remedial language in the ultimate order) eliminates this issue.

13. Northlight Fund LP ("Northlight"), the Debtors' principal secured creditor, has a similar view of the scope of an appropriate remedy here, provided that it is clarified that the substantive consolidation sought by the Debtors is not intended to and will not impair Northlight's entitlement to, or deprive Northlight of, an unsecured deficiency claim against the consolidated estates in the event that the Court were to determine pursuant to section 506(a) of the Bankruptcy Code that Northlight's claim in these cases is not fully secured.

14. The Debtors concur that the clarification sought by Northlight is appropriate and conforms with the intended relief sought by the Debtors in its substantive consolidation motion and, accordingly, language reflecting such clarification is set forth in the proposed order reflected in Exhibit "A" annexed hereto.

15. In addition, this supplement to the Debtors' substantive consolidation motion brings the West End Cash Liquidly Fund I L.P. ("WECLF") and the West End Dividend Strategies Fund I L.P. ("WEDSF") cases within the scope of the motion. The affiliated chapter 11 cases of WECLF and WEDSF were filed subsequent to the filing of the substantive consolidation motion on May 4, 2011. The original motion plainly intended to substantively consolidate all of the filed affiliated debtor entities.

16. While the Debtors did not originally file WEDSF, it was created as a pass-through entity to hold the investments made by one person, Judy Zecker. The monies Ms. Zecker invested in this entity were immediately transferred by William Landberg into the "pool" of funds and investments made by the West End entities. As a result, WEDSF has no assets, but has an equity investor. Absent substantive consolidation of this estate, Ms. Zecker, although she had

{00537492.DOC;1}

8

her investment diverted into other West End companies, would be the only investor who would be treated substantially differently than other investors and deprived of any recovery even through her investments were treated the same as other investors. Substantive consolidation of this entity is being sought because the funds of this entity were comingled with other debtors and to avoid that inequity to Ms. Zecker.

17. As will be set forth in more detail in a report prepared by FTI Consulting, the Committee's financial advisor, based upon the review and analysis of the Debtors' books and records demonstrated evidence that the Debtor entities under the Court's jurisdiction engaged in transactions whereby the assets of the Debtor entities were comingled. As a result, an accurate picture of the Debtors' assets and liabilities cannot be obtained without the substantive consolidation of all of the West End Debtors.

18. In this case, as will be demonstrated at the evidentiary hearing, the assets of the Debtors were co-mingled to such a degree that the unwinding of the transactions would be prohibitively expensive. Because there has been a commingling of assets and business functions of the Debtors, all creditors, as opposed to select creditors, will benefit from substantive consolidation. Augie/Restivo, 860 F.2d at 518. In In re WorldCom, the bankruptcy court concluded that the second prong of the Augie/Restivo test was satisfied where "the Debtors' operational and financial affairs are so entangled that the accurate identification and allocation of assets and liabilities either could never be accomplished or, even if it could be accomplished, would take so long and be so costly such that creditors as a whole would be substantially harmed by the effort." In re WorldCom, 2003 WL 23861928, at *37; see also In re Bonham, 229 F.3d 750, 766-67 (9th Cir. 2000) (holding that entanglement factor of Augie/Restivo test is satisfied if disentangling the debtors' affairs would be "needlessly

{00537492.DOC;1}

9

expensive and possibly futile"); In re Drexel Burnham Lambert Group, 138 B.R. 723, 766 (Bankr. S.D.N.Y. 1992) (ordering substantive consolidation where "[e]stablishing to [which of the Debtors] actual liability, if any, should be allocated would be a Herculean task consuming years of costly professional services, thereby draining significant amounts of value from the Debtors' Estates").

19. As seems evident from the cases cited herein and in the Debtors' original application, the Bankruptcy Court has the power to shape an equitable remedy, such as substantive consolidation, to insure its reach is appropriate but so that its scope goes no further than is necessary to alleviate the harm caused, in this case, by the substantial comingling of assets. As will be shown at the hearing, the co-mingling has an adverse impact upon unsecured creditors and investor-creditors of the various Debtors, but not upon the secured creditors, whose rights will be neither expanded nor contracted by the proposed relief sought by the Debtors.

20. **WHEREFORE**, the Debtors respectfully request that the Court grant the relief requested in the Application, as modified by this supplemental application, by entering the proposed order annexed hereto as Exhibit A and grant such other and further relief as the Court may deem just and proper.

Dated: New York New York
       July 6, 2011

**ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**
**Counsel to West End Financial Advisors LLC, et al,**
**West End Cash Liquidity Fund I L.P.**
**West End Dividend Strategies Fund I L.P.**
**Debtors and Debtors in Possession**

By:/s/ A. Mitchell Greene
A Mitchell Greene
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: (212) 603-6300

{00537492.DOC;1 }

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                          Chapter 11

**WEST END FINANCIAL ADVISORS LLC**
*et al.,*                                                       Case Nos. 11-11152 (SMB)
                                                                through 11-11167 (SMB)
                                                                (Jointly Administered)

                              Debtors.
-------------------------------------------------------x

In re:                                                          Chapter 11

**WEST END CASH LIQUIDITY FUND I L.P.**                         Case No. 11-12774 (SMB)

                              Debtors.
-------------------------------------------------------x
-------------------------------------------------------X
In re:

**WEST END DIVIDEND STRATEGY FUND I,**                          Chapter 11
**LP,**                                                         Case No. 11-13247 (SMB)

                              Debtor.
-------------------------------------------------------X

## ORDER DIRECTING THE PARTIAL SUBSTANTIVE
## CONSOLIDATION OF THE DEBTORS' CHAPTER 11 ESTATES.

Upon the application dated May 4, 2011 (the "Application"), of West End Financial Advisors LLC, and its affiliated debtors and debtors in possession (the "Debtors"), for an order, pursuant to 11. U.S.C. Section 105(a) directing the substantive consolidation of the Debtors' estates all as more fully set forth in the Application, as supplemented by the Debtors' supplemental application dated July 6, 2011; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§157 and 1334

1

and the *Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.)*; and consideration of the Motion and the relief requested being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Application, as supplemented, is in the best interests of the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED,** that the Application, as supplemented be, and it hereby is, granted to the extent set forth herein, effective as of the date of this Order; and it is further

**ORDERED,** that the Debtors' separate estates be, and they hereby are, substantively consolidated into one single estate; and it is further

**ORDERED,** that this order is not intended to, and shall not, impair, enhance, reduce, expand, elevate, subordinate or otherwise affect, in any way, (i) the validity, extent, perfection, priority, scope or other attribute of any lien or security interest asserted by any party against property in which one or more of the Debtors' estates has an interest, (ii) the property against which such party claims a lien or security interest, (iii) the allowability of any claim asserted by such party against the consolidated estates that such party contends is secured by such lien or security interest or (iv) the entitlement of such party to, or the allowability of, an unsecured deficiency claim against the consolidated Debtors' estates in the event that the Court were to

2

determine pursuant to section 506(a) of the Bankruptcy Code that such party's claim in the consolidated cases is not fully secured; and it is further

**ORDERED**, that nothing in this order shall be deemed or construed to eliminate or otherwise have any effect on any cause of action that may be commenced by the Debtors or their respective estates, all of which are expressly preserved, with the elements and existence of any such causes of action (including but not limited to the solvency of the Debtors) to be determined on an unconsolidated basis, as of the date the Debtors filed their respective Chapter 11 petitions; and it is further

**ORDERED**, that the estates of the West End Cash Liquidity Fund I L.P. and of West End Dividend Strategy Fund I, LP shall be substantively consolidated with the Debtors' estates; and it is further

**ORDERED**, that the Debtors be, and they hereby are, directed and authorized to administer the Debtors' estates as a single estate; and it is further

**ORDERED**, that the caption of the Debtors' cases be amended to read as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                        Chapter 11

**WEST END FINANCIAL ADVISORS LLC,**
                                                              Case Nos. 11-11152 (SMB)
                                                              (Substantively Consolidated)

                    Debtors.
------------------------------------------------------------x
; and it is further

**ORDERED**, that the Clerk of this Court be, and she hereby is, directed to make a docket entry in each of the Debtors' cases substantially as follows: "An order has been entered in the

case directing the substantive consolidation of the bankruptcy estates of West End Financial Advisors, LLC, et al., Case Nos. 11-11152 (SMB) through 11-11167 (SMB), West End Cash Liquidity Fund I L.P., Case No. 11-12774 (SMB) and of West End Dividend Strategy Fund I, LP Case No. 11-11-13247 (SMB) and the only docket which should be consulted for all matters affecting these Debtors is Case No. 11-11152 (SMB);" and it is further

**ORDERED,** that the Clerk of this Court be, and she hereby is, directed to close the docket and claims register in Case Nos. 11-11153 (SMB) through 11-11167 (SMB), Case No. 11-12774 (SMB), and Case No. 11-13247 and to add any proofs of claim filed against those cases to the claims register of Case No. 11-11152 (SMB).

**Dated:** New York New York
July __, 2011

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge**

4

{00537491.DOCX;1 }